**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CONRAD LAWRENCE AND
LORI LAWRENCE,

        Plaintiffs,

v.                              CASE NO.: 3:11-cv-724-J-32MCR

THE HOME DEPOT, U.S.A., INC.,

        Defendant.

_____

**ORDER**

This case is before the Court on Plaintiffs' Motion for Remand (Doc. 13) and Defendant's response in opposition (Doc. 15). Plaintiffs Conrad Lawrence and Lori Lawrence urge the Court to remand this suit to the Circuit Court for the Fourth Judicial Circuit in Duval County, Florida, because Defendant, The Home Depot U.S.A., Inc., has not established by a preponderance of the evidence that the amount in controversy meets the requirements for federal diversity jurisdiction.

**I. Background**

According to the Complaint, on October 4, 2009, Conrad Lawrence was struck by a "fallen" or "unhinged" display case while at a Home Depot store. Doc. 2. ¶ 8. On April 8, 2011, the Lawrences filed their Complaint in state circuit court alleging negligence, *res ipsa loquitor*, and loss of consortium. See id. The Complaint provides that Conrad Lawrence has "suffered bodily injury, and resulting pain and suffering, disability, scarring, disfigurement, mental anguish, loss of earnings and the loss of ability to earn money in the future" as well

as "the expense of medical treatment." Id. ¶¶ 10, 16.  Additionally, Lori Lawrence contends that she "has suffered the loss of her husband's companionship, society, financial support, and attentions and will continue to suffer from said losses in the future." Id. ¶ 18.  Home Depot filed its Notice of Removal on July 22, 2011, after being served with Conrad Lawrence's responses to Home Depot's interrogatories, in which Conrad Lawrence states that his medical expenses as a result of this accident thus far are $184,857.62. Doc. 1, Ex. B.  The Lawrences do not dispute this amount, but argue that at most the response at issue "may indicate that the amount in controversy potentially exceeds $75,000.00," but the response does not "clearly and unambiguously" prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.  Doc. 13 at 1, 5-6.

**II. Amount in Controversy**

This Court has jurisdiction when the citizenship of the plaintiffs is diverse from that of the defendant and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The sufficiency of the amount in controversy is determined at the time of removal.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010).  "Where, as here, the plaintiff[s] [have] not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  For the purposes of this determination, the Court must "review the propriety of removal on the basis of the removing documents." Lowery v. Alabama Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007).   In Lowery, the court noted that, pursuant to 28 U.S.C. § 1446(b), a defendant may remove based on either the plaintiff's original pleading or "a copy of an amended pleading,

2

motion, order, or other paper." Id. at 1212 (quoting 28 U.S.C. § 1446(b)).  Regarding what constitutes "other paper," the Court noted that a number of documents have been judicially recognized as such, including interrogatory responses. Id. at 1213, n.61.

Home Depot properly filed its Notice of Removal pursuant to § 1446(b) within thirty days of receiving Conrad Lawrence's responses to its interrogatories.  In the interrogatories, Conrad Lawrence was asked to "list each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint."  See Doc. 15 at 4.  In response, Conrad Lawrence listed ten entities to whom he owed varying amounts.  Doc. 1, Ex. B.  These varying amounts totaled $184,857.62.

The Lawrences maintain that Conrad Lawrence's responses to Home Depot's interrogatories do not create the necessary clarity required to support removal under Lowery.  See Doc. 13.  It appears from their Motion to Remand that the Lawerences are arguing that Lowery requires a court to remand unless a plaintiff unequivocally states that the amount in controversy exceeds $75,000.  However, Lowery does not require that the Court "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount."  Pretka, 608, F.3d at 770 (citing Roe v. Michelin North America, Inc., 637 F. Supp. 2d. 995, 999 (M.D. Ala. 2009)).  In truth, unless the Court were to "suspend reality," it is hard to imagine that Conrad Lawrence would not seek to recover his full past medical expenses in an action alleging that Home Depot's negligence caused his injuries.  Devore v. Howmedical Osteonics Corp., 658 F.Supp. 2d 1372, 1381 (M.D. Fla. 2009)(finding that the Court would need to "suspend reality" to find

that Devore would not seek to recover her past medical expenses).

Indeed, in their Complaint the Lawrences list "the expense of medical treatment" as part and parcel of the damages in this suit. Doc. 2 ¶ 16. Moreover, the Lawrences acknowledge in their Motion for Remand that their medical bills "may indicate that the amount in controversy potentially exceeds $75,000.00," and that the response at issue "can be likened to a demand for settlement supporting the Plaintiffs' belief as to the amount of the damages owed by Home Depot." Doc. 13 at 5. These arguments do not support the notion that Home Depot has not met its burden of proof. Rather, from review of the documents before the Court it is apparent that it is more likely than not that the Lawrences intend to seek the full amount of Conrad Lawrence's medical expenses. Therefore, because Home Depot has provided the Court with Conrad Lawrence's response to its interrogatories in which he lists his medical expenses as exceeding $75,000, Home Depot has proved by a preponderance of the evidence that the amount in controversy in this suit meets the requirements for federal diversity jurisdiction.

Accordingly, it is hereby

**ORDERED:**

Plaintiffs Conrad and Lori Lawrence's Motion for Remand (Doc. 13) is **DENIED.** A case management and scheduling order will issue separately.

**DONE and ORDERED** in Jacksonville, Florida this 12th day of December, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

k.
Copies To:
Counsel of Record